UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================

MOSES BERGER individually and
on behalf of all others similarly situated

                Plaintiff,

    -against-

PETER T. ROACH & ASSOCIATES, P.C.

                Defendant.

=====================================

**CLASS ACTION COMPLAINT**

*Introduction*

    1)    Plaintiff Moses Berger files this Complaint seeking redress for the illegal practices of Peter T. Roach & Associates, P.C. ("Roach"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

    2)    Plaintiff is a citizen of the State of New York who resides within this District.

    3)    Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4)	The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5)	Upon information and belief, Defendant's principal place of business is located within Syosset, New York.

6)	Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers being a debt collection law firm.

7)	Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

8)	This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9)	Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### *Allegations Particular to Moses Berger*

10)	Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11)	On or about February 23, 2012, a complaint was filed, with an index number of 5222, in the Supreme Court of the State of New York County of Kings captioned "Citibank, N.A., against Moses Berger" for $27,703.78 for various causes of action. The complaint stated that Plaintiff "now owes a balance of $27,703.78, together with attorney's fees of $5,540.76, no part of which has been paid despite due demand thereof."

12) The complaint was signed by the law firm of Peter T. Roach & Associates, PC. See attached.

13) Upon information and belief, there was never a demand made by Roach to Plaintiff for said unreasonable unfair attorney's fees.

14) Upon information and belief, Roach always unlawfully and unfairly charges 20% percentage of the principal debt as unreasonable attorney fees in violation of the law.   See case law:

Stolicker v. Muller, Muller, Richmond, Harms, Myers & Sgroi, P.C., 2005 WL 2180481 (W.D. Mich. Sept. 9, 2005). (Where the contract allowed for reasonable attorney fees, Defendant's claim to a percentage attorney fee violated §§ 1692e (2), (10), and 1692f(1). And the court determined that "it would take a leap of logic" to find that the Plaintiff agreed to a percentage of the principal debt as attorney fees in the event she defaulted .A reasonable attorney fee always requires a court determination.), Som v. Daniels Law Offices, P.C., 573 F. Supp. 2d 349 (Same), Stolicker v. Muller, Muller, Richmond, Harms, Myers, Sgroi, P.C., 2006 WL 3386546 (W.D. Mich. Nov. 22, 2006). (Pursuant to § 1692k(a), members of a class action may recover actual damages without any cap.), Kojetin v. C U Recovery, Inc., 1999 U.S. Dist. LEXIS 10930 (D. Minn. Mar. 29, 1999) (The FDCPA would provide little protection to a debtor…if, in agreeing to pay 'reasonable collection costs,' a debtor was held to have agreed to pay whatever percentage fee a debt collection service happened to charge a lender".), Kojetin v. C.U. Recovery, Inc., 1999 U.S. Dist. LEXIS 1745  (8th Cir.

2000). (The agreement between the debt collector and the creditor allowed the debt collector to charge the consumer a 15% collection fee. The agreement between the consumer and the creditor, however, only allowed ''reasonable attorney's fees and costs incident to collection.'' The court found that seeking the 15% fee, which was not expressly authorized by the consumer, violated § 1692f, and constituted the type of false and misleading representation of the type that the FDCPA was designed to foreclose.), Richard v. Oak Tree Group, Inc., 614 F. Supp. 2d 814 (W.D. Mich.2008). (The consumer's agreement to pay ''collection costs and expenses incurred'' is not an agreement to pay a collection agency's maximum potential commission based upon percentage of the unpaid balance and violated § 1692f(1) and 1692e(2)(A),(B).), Pettway v. Harmon Law Offices, P.C., 2005 WL 2365331 (D.Mass. Sept. 27, 2005). (Class certification was granted in an FDCPA action alleging that attorney fees were overstated and that attorney fees which were overstated was false and deceptive.), Daniels v. Davis Davis Attys., P.C., 2011 Pa. Dist. & Cnty. Dec. LEXIS 40, 18-19 (Pa. County Ct. 2011). (The Court, stated that the FDCPA would provide little protection to a debtor if, in agreeing to pay "reasonable collection costs," a debtor was held to have agreed to pay whatever percentage fee a debt collection attorney happened to charge. The Court held that to allow a creditor and its collection attorney, independent of the debtor, to determine what they believed was a reasonable attorney fee and then request that amount in a suit to collect the debt would alter the contract signed by the debtor. More importantly

the alteration of the terms of the contract misrepresents the amount of the debt owed and the compensation which may be received for the collection of the debt in violation of §1692e(2)(A),(B).)

15) At all relevant times, Roach was acting in concert with Citibank, N.A., in order to collect this debt.

16) Under New York law, where attorney's fees are incurred in enforcing an agreement pursuant to which Plaintiff is entitled to attorney's fees, the attorney's fees are owed only after final judgment is entered.

17) Under New York law, where an agreement provides for an award of attorney's fees to a party for its reasonable attorney's fees in enforcing an agreement, the award of the reasonable attorney's fees must be given by the court and is never owed until the court enters judgment.

18) Under New York law, a request for legal fees requires presentation tendered by an appropriate affidavit or affirmation to the court of. (1) an agreement to pay such fees, and (2) an attorney's affirmation detailing the fee arrangement (3) an itemization of the services rendered on behalf of the Plaintiff by the attorney.  This statement should detail all the work done, including communications with the debtor, settlement discussions, prior payout arrangements, preparation of pleadings, initiation of suit, preparation of default judgment and any other work done (4) a statement as to the amount due to the attorney from the Plaintiff were the Plaintiff to collect on the judgment. This is normally given as a percentage and a total dollar amount. The affidavit or affirmation requires other information as well.  The agreement to pay legal

fees must be submitted for, absent an agreement to pay such fees, an application for fees may not be granted by New York State courts.

19) In the within matter, the court had not awarded any attorney's fees to Roach.

20) Nevertheless, Roach claimed that attorney's fees which were also unreasonable attorney's fees were now owed by the Plaintiff.

21) Defendant's conduct was willful.

22) Defendant's conduct was an abuse of process.

23) Defendant sought to collect a financial obligation incurred for personal, family or household purposes.

24) The Defendant's conduct violates 15 U.S.C. §§ 1692, 1692e and 1692f.

25) Section 1692e entitled False or Misleading Representations provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of-

(A)the character, amount, or legal status of a debt.

The use of any false representation or deceptive means to collect or attempt to collect any debt.

26) Section 1692f entitled Unfair Practices provides: A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without

limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

See also case law:

McCollough v. Johnson, Rodenberg & Lauinger, 587 F. Supp. 2d 1170 (D. Mont. 2008). (The Defendant collection attorneys violated § 1692e(2)(B) by requesting in the state court collection complaint attorney fees to which it was not entitled under applicable state law. ...After trial in the previous case.), McCollough v. Johnson, Rodenburg & Lauinger, 2009 WL 2476543 (D. Mont. June 3, 2009). (Following a Plaintiff's jury verdict that awarded $250,000 in compensatory damages for the abuse of process, $1000 FDCPA statutory damages, and $60,000 in abuse of process punitive damages, the court awarded attorney fees in the full amount requested of over $93,000, commenting, inter alia, that the litigation "confers a meaningful public benefit by discouraging illegal debt collection" in the state.), McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. Mont. 2011). (Affirming the jury verdict of $408,770.17 and Affirming summary judgment on the claim of illegal debt collection by requesting attorney fees in the state court collection complaint.)

27) By its conduct, Roach violated the above quoted provisions of the statute because Roach stated that attorney's fees were due and owing when in fact they were not.

28) By attempting to collect attorney's fees to which it was not entitled, Roach violated the above quoted provisions of the statute.

29) By acting as it did, Roach violated the above quoted provisions of the statute because it contained unreasonable and falsely inflated attorney's fees.

30) By adding unlawful costs to Plaintiff's balance, Roach violated the above quoted provisions of the statute.

31) By unlawfully charging all debtors a 20% percentage of the principal debt as attorney fees, Roach violated the above quoted provisions of the statute.

32) By adding in the complaint the words: "…Now owes a balance of $27,703.78, together with attorney's fees of $5,540.76, no part of which has been paid despite due demand thereof.", Defendant falsely claims to the court that it demanded said attorney's fees in the past when in fact no such demand was ever made prior to the commencing of the complaint.

33) As a result of the illegal conduct of Roach, Plaintiff is entitled to actual damages as well as statutory damages pursuant to 1692k.

## CLASS ALLEGATIONS

34) This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35) The identities of all class members are readily ascertainable from the records of Peter T. Roach & Associates, P.C. and those business and governmental entities on whose behalf it attempts to collect debts.

36) Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Peter T. Roach & Associates, P.C., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

37) There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

38) The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

39) The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

40) This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collect debts throughout the United States of America.

41) Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

42) Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

43) Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION
*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself
and the members of a class, as against the Defendant.*

44) Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty three (43) as if set forth fully in this cause of action.

45) This cause of action is brought on behalf of Plaintiff and the members of a class.

46) The class consists of all persons whom Defendant's records reflect resided in the State of New York and who received a summons and complaint where the Defendant has falsely, deceptively and unlawfully demanded a flat rate of 20% for attorney's fees; (a) the summons and complaint was sent or purportedly served upon a consumer seeking payment of a consumer debt (c) that the summons and complaint was not returned as undeliverable; and (d) Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B),  1692e(5), 1692e(10), 1692(f), and 1692f(1).

47) Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a) Based on the fact that a form collection letter are at the heart of this litigation, the class is so numerous that joinder of all members is

        impracticable.

(b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c)    The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d)    The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

48)    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the

establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

49) If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

50) Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

51) The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

52) The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

and

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 11, 2013

                                              /s/ David Palace_____
                                              **Law Offices of David Palace** (DP 3855)
                                              383 Kingston Ave. #113
                                              Brooklyn, New York 11213
                                              Telephone: 347-651-1077
                                              Facsimile: 347-464-0012


Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

                                              /s/ David Palace_____
                                              David Palace esq. (DP 3855)

# EXHIBIT A

CONSUMER CREDIT TRANSACTION

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS,
-------------------------------------------------------X
CITIBANK, N.A. ,

                              Plaintiff,

    -against-

MOSES BERGER,

                              Defendant(s).

-------------------------------------------------------X

INDEX # 5222       MAR 0 6 2012

PLAINTIFF DESIGNATES

___ PLACE OF TRANSACTION

XX DEFENDANT'S RESIDENCE

COUNTY OF KINGS
AS THE PLACE OF TRIAL

Consumer Credit Transaction took place in
COUNTY OF KINGS

PLAINTIFF'S PRINCIPAL
PLACE OF BUSINESS:
701 East 60th Street Nort
Sioux Falls, SD 57117

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein, together with costs and disbursements in this matter.

DATED:    2/23/12
           SYOSSET, NEW YORK

File No:12-00042
(PROGRESSIVE PROCESS SERVICE)

BY: _____
TIMOTHY J MURTHA, SHAWN SPIELBERG

DEFENDANT(S):
MOSES BERGER
115 LORIMER ST APT 7A
BROOKLYN NY 11206-8080

PETER T. ROACH & ASSOCIATES, P.C.
ATTORNEYS FOR PLAINTIFF.
125 Michael Drive, Suite 105
SYOSSET, NEW YORK 11791
TELEPHONE (516) 938-3100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS,

-------------------------------------------------------X
CITIBANK, N.A.,

                      Plaintiff,                                                  **VERIFIED COMPLAINT**

      -against-

MOSES BERGER,

                      Defendant(s).
-------------------------------------------------------X

Plaintiff, by its attorneys, PETER T. ROACH and ASSOCIATES, P.C., complaining of Defendant, respectfully alleges as follows:

FIRST: Plaintiff is a national banking association organized pursuant to Federal Law.

SECOND: Upon information and belief, the defendant(s) is an individual who resides or has an office in the county in which this action is brought.

## AS AND FOR A FIRST CAUSE OF ACTION

THIRD: That the parties hereto entered into a credit card agreement.

FOURTH: Plaintiff duly performed all conditions on its part under the agreement.

FIFTH: Upon information and belief, Defendant(s) defaulted in payment and pursuant to the terms of the agreement now owes a balance of $27,703.78, together with attorney's fees of $5,540.76, no part of which has been paid despite due demand thereof.

## AS AND FOR A SECOND CAUSE OF ACTION

SIXTH: Plaintiff repeats and realleges each and every allegation contained in paragraphs FIRST through FIFTH with the same force and effect as if fully set forth herein.

SEVENTH: That heretofore, Plaintiff rendered to Defendant(s) monthly, full and true accounts of the indebtedness owing by Defendant as a result of the above agreement, in an amount as hereinabove set forth which account statements were delivered to and accepted without objection by the defendant(s) resulting in an account stated in the sum of $27,703.78, no part of which has been paid despite due demand thereof.

WHEREFORE, Plaintiff demands judgment against Defendant(s) in the sum of $27,703.78, plus attorney's fees of $5,540.76, together with costs and disbursements.

**PETER T. ROACH & ASSOCIATES, P.C.**
ATTORNEYS FOR PLAINTIFF
125 Michael Drive, Suite 105, SYOSSET, NY 11791; 516-938-3100

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice in the courts of New York State, is an attorney with the law offices of Peter T. Roach & Associates, P.C., the attorneys for the plaintiff. Deponent has read the foregoing complaint and knows the contents to be true of his own knowledge, except as to matters alleged upon information and belief, and as to those matters he believes them to be true based upon letters, records and documents in his possession and communications with Plaintiff.

The Deponent has verified this pleading in accordance with C.P.L.R. § 3020 (D)(3). The undersigned affirms that the foregoing statements are true, under penalties of perjury.

DATED:   February 23, 2012
         Syosset, New York

PETER T. ROACH & ASSOCIATES, P.C.
BY: _____
TIMOTHY J MURTHA / SHAWN SPIELBERG
Attorneys for Plaintiff
125 Michael Drive, Suite 105
Syosset, New York 11791
Telephone No.: (516) 938-3100